IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30944-4-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE RUIZ-ALCALA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

BROWN, A.C.J. — The State appeals the Yakima County Superior Court's decision granting Jose Ruiz-Alcala a new trial based upon the court deciding he received ineffective assistance of counsel. The court concluded Mr. Ruiz-Alcala did not receive a fair trial because he was prejudiced by defense counsel's failure to object to the admissibility of certain evidence and by mentioning a gun, all of which the court reasoned was inadmissible. The State contends the court abused its discretion in granting the new trial as all the evidence was relevant, admissible, part of a legitimate trial strategy, and not prejudicial. We find no abuse of discretion, and affirm.

FACTS

In June 2011, the local drug task force aerially observed a large marijuana grow operation near the Ahtanum Ridge area. Officers suspected an abandoned logging road was a drop point for reaching the grow and placed surveillance cameras there.

Review of the surveillance footage showed a pattern of vehicles arriving and dropping off people on Fridays then returning to pick them up on Sundays. Detective Mark Negrete obtained license plate numbers and still photographs of drivers' faces from the footage. One vehicles was registered to Gerardo Alcala, Mr. Ruiz-Alcala's brother, but the photograph of the vehicle's driver did not match Mr. Ruiz-Alcala's license.

On August 9, 2011, the marijuana grow was eradicated. The grow had 10,000 to 15,000 plants within two weeks of harvesting, the odor of marijuana was very strong, and a campsite was found nearby. The following day, officers executed a search warrant at the address seen on Mr. Alcala's registration. Officers found Mr. Ruiz-Alcala there and identified him as the man in the photograph. Mr. Ruiz-Alcala initially denied it was him in the photograph. While searching the premises, officers found a scale and plastic baggies, items commonly associated with packaging marijuana. In Mr. Ruiz-Alcala's bedroom, officers found a small bag of seeds and marijuana. The seeds were later identified as marijuana seeds. Outside the house, officers found twine and tarp of the same color as that seen at the grow campsite, as well as another bag of seeds. Forensic examination of these seeds showed they were not marijuana seeds. A drug sniffing dog alerted on several vehicles parked at the search address. The dog was trained to alert on the odor of marijuana, cocaine, methamphetamine, and heroin.

The State charged Mr. Ruiz-Alcala with manufacture of a controlled substance, marijuana. At trial, without objection by defense counsel, the State introduced the twine, tarp, scales, plastic baggies, both bags of seeds, and testimony describing the

behavior of the drug sniffing dog. In his cross-examination of Detective Robert Tucker, defense counsel showed tarps, twine, and plastic bags are common household items. Defense counsel's cross-examination of Deputy Jesus Rojas, the dog's handler, revealed the dog could not differentiate between drugs nor was there a way to tell how much time had elapsed since any drugs had been present.

In Mr. Ruiz-Alcala's testimony, he said he played volleyball with the two men he was seen picking up at the drop site. The men told Mr. Ruiz-Alcala they were going camping and asked him to pick them up the following night. While he had never been to the drop site, he had previously driven in that area. When he arrived to pick up the men, Mr. Ruiz-Alcala said the men did not smell and he did not question their lack of camping gear. In response to a question by defense counsel, Mr. Ruiz-Alcala said he knew nothing about the gun found in his brother's room.

The jury found Mr. Ruiz-Alcala guilty as charged. After a hearing where the trial court questioned the relevance of the marijuana seeds and the drug sniffing dog's alerts, defense counsel filed a brief memorandum requesting a new trial as a result of ineffective assistance of counsel. The trial court granted Mr. Ruiz-Alcala a new trial, finding the result of the trial would have been different had defense counsel sought to exclude the small baggie containing marijuana seeds, the conduct of the dog, and the tarp. The court found defense counsel's mention of the gun to be prejudicial error. The State appealed.

3

ANALYSIS

The issue is whether the trial court abused its discretion under CrR 7.5(a)(8) in granting Mr. Ruiz-Alcala a new trial based on finding Mr. Ruiz-Alcala received ineffective assistance of counsel. The State contends defense counsel engaged in strategic or tactical conduct and Mr. Ruiz-Alcala fails to show prejudice.

A trial court may grant a new trial when "substantial justice has not been done." CrR 7.5(a)(8). Unless constituting a manifest abuse of discretion, decisions granting or denying a new trial are not disturbed. *State v. Dawkins*, 71 Wn. App. 902, 906, 863 P.2d 124 (1993). However, stronger evidence of an "abuse of discretion is required to set aside an order granting a new trial than one denying it." *Id.* at 907. "An abuse of discretion exists unless it can realistically be said that no reasonable person would take the position adopted by the trial court." *Id.* (internal quotations omitted). When reviewing the grant of a new trial based on a finding of ineffective assistance of counsel, we apply the abuse of discretion standard. *Id.*

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish ineffective assistance of counsel, a defendant must prove (1) defense counsel's representation was deficient, i.e., it was below an objective standard of reasonableness under the circumstances and (2) the deficient representation prejudiced him, i.e., a reasonable probability exists the outcome would have been different without the deficient

4

representation. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We must strongly presume effective representation. *Id.* at 335. Ineffective assistance of counsel claims cannot be based on defense counsel's legitimate strategic or tactical decisions. *Id.* at 335-36.

Washington courts recognize "[c]ounsel's decisions regarding whether and when to object fall firmly within the category of strategic or tactical decisions." *State v. Johnston*, 143 Wn. App. 1, 19, 177 P.3d 1127 (2007). Failing to object constitutes ineffective assistance of counsel "[o]nly in egregious circumstances, on testimony central to the State's case." *Id.* Thus, to prove ineffective assistance of counsel for failing to object, a defendant must "show that the failure to object fell below prevailing professional norms, that the objection would have been sustained, and that the result of the trial would have been different if the evidence had not been admitted." *State v. Sexsmith*, 138 Wn. App. 497, 509, 157 P.3d 901 (2007).

The trial court mainly found a new trial was warranted because defense counsel failed to object to evidence of the marijuana seeds and the drug sniffing dog. These errors, compounded by defense counsel's mention of the gun and failure to object to the tarp, raised concerns that Mr. Ruiz-Alcala did not receive a fair trial.[1] Whether or not any one failure amounted to deficient performance, in the end the trial court decided

---

[1] The trial court stated "[t]he prosecution presented no evidence that the defendant had ever personally been to the site where the marijuana was being grown." Clerk's Papers at 114. The State challenges this conclusion, arguing sufficient evidence was produced to support a conviction. While sufficient evidence is present, it is not clear why the State argues this point, except that the court refused to so rule as it

within its broad discretion that Mr. Ruiz-Alcala did not receive substantial justice within the meaning of CrR 7.5(a)(8).

The first concern addressed by the trial court was defense counsel's failure to object to the marijuana seeds. The trial court noted in its written decision and its findings and order for a new trial that it would have sustained an objection to the seeds based on ER 404(b) or ER 403, and defense counsel's failure to object to the seeds fell below prevailing professional norms. The State contends the failure to object was a tactical move as counsel "believed that the jury would be able to see through [the miniscule amount of seeds] in terms of there being no connection." Report of Proceedings (April 24, 2012) at 5. But the seeds were central to the State's case: without the seeds, no other direct evidence inferred Mr. Ruiz-Alcala's knowledge of marijuana manufacture, an element the State had to prove. *See* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 50.11(2), at 963 (3d ed. 2008). Without the seeds, the evidence showed (1) on one occasion (2) Mr. Ruiz-Alcala picked up two men alleged to come from the grow yet who did not smell like marijuana (3) in a car owned by his brother that, at some time, smelled like one of four drugs and (4) he owned common household items that could be used to package drugs.

Furthermore, the trial court reasoned Mr. Ruiz-Alcala was prejudiced to some extent by the admission of this evidence, especially given how heavily the State emphasized the seeds and their importance in its closing, for the jury to make

---

did not believe evidence sufficiency was the issue. Because the grant of a new trial was based on a different ground, we do not further address evidence sufficiency.

6

assumptions about why Mr. Ruiz-Alcala had marijuana seeds in his bedroom. We cannot say the record, minus the seeds, strongly supports Mr. Ruiz-Alcala's guilt on the manufacturing count. But we can say the trial judge was in the best position to decide whether substantial justice was done under the circumstances. In other words, the trial court viewed Mr. Ruiz-Alcala's defense counsel's performance as substandard based on its view of the whole trial.

While the reasons enunciated by the trial court may alone not constitute ineffective assistance of counsel, the trial court reasoned they added cumulatively in effect to deprive Mr. Ruiz-Alcala of substantial justice. Furthermore, the trial court indicated it would have sustained an objection to the blue tarp evidence, a matter within the trial court's discretion. The trial court, in its perspective of the overall trial, criticized the defense counsel's mention of the gun owned by Mr. Alcala as serving no purpose and painting Mr. Ruiz-Alcala in a bad light. Concerning the failure to object to the drug sniffing dog's conduct and the blue tarp found in Mr. Ruiz-Alcala's home, defense counsel could be argued to have utilized legitimate strategic cross-examination to undermine the significance of the evidence, but the trial court is in the best position to gauge the prejudicial effect against the trial evidence.

In sum, we conclude the State fails to point to strong evidence of an abuse of discretion by the trial court in declaring a new trial was warranted. Given this record, we cannot say the trial court erred in its new trial rulings and in concluding under CrR 7.5(a)(8) that substantial justice had not been done. The trial judge enjoys a unique

7

No. 30944-4-III
*State v. Ruiz-Alcala*

position to determine if a defendant has received a fair trial. Finally, considering the views about the State's case expressed by the judge and to insure a fair trial to both parties, we remand for a new trial before a new judge.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

*Result ONLY:*

Korsmo, J.

Lawerence-Berrey, J.

8